UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE JONCZYK,<br><br>    Plaintiff,<br><br>    vs.<br><br>FIRST NATIONAL CAPITAL CORP., ET AL.,<br><br>    Defendants. | CASE NO. SACV 13-959-JLS (AGRx)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS AND (2) DENYING DEFENDANTS' MOTION TO STRIKE WITHOUT PREJUDICE (Docs. 19, 20)** |

Before the Court is a Motion to Dismiss and a Motion to Strike filed by Defendants First National Capital Corp. ("First National") and Keith Duggan. (MTD, Doc. 19; MTS, Doc. 20.)[1] The Court finds these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for January 24, 2014, at 2:30 p.m. is VACATED. Having read and considered the arguments made in the parties' papers, and for the reasons stated below, the Court GRANTS Defendants' Motion to Dismiss and DENIES Defendants' Motion to Strike without prejudice.

## I. BACKGROUND

Defendant First National, a California corporation, is an equipment finance company with its headquarters in Orange County, California. (Compl. ¶¶ 5, 7, Doc. 17.)[2] First National helps its clients procure funding to purchase equipment of all types, from airplanes to heavy manufacturing equipment, and claims to be the fourth-largest independent finance company in the country. (*Id.* ¶ 7.) Keith Duggan, a California resident, is the owner and president of First National. (*Id.* ¶ 6.) Plaintiff Annette Jonczyk is a resident of Missouri whose husband was employed by First National. (*Id.* ¶¶ 4, 10.)

At Duggan's orders, First National records its employees' incoming and outgoing calls, including personal calls. (*Id.* ¶¶ 9-10.) Many employees are unaware their calls are recorded, and Plaintiff's husband was told when he started working at First National that the company did not record phone conversations. (*Id.* ¶ 10.) First National recorded certain of Plaintiff's calls with her husband, as well as a call from First National informing her of concern over her husband's medical condition. (*Id.*)

---

[1] Plaintiff Annette Jonczyk filed Oppositions to both motions, and Defendants replied. (MTD Opp'n, Doc. 27; MTS Opp'n, Doc. 28; MTD Reply, Doc. 29; MTS Reply, Doc. 30.)
[2] When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint. *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 5 (2010).

On June 25, 2013, Plaintiff filed suit in this Court. (Doc 1.) Plaintiff's First Amended Complaint ("Complaint") asserts the following claims against Defendants:

(1) unlawful recording of phone calls involving confidential information (Cal. Penal Code § 632);

(2) unlawful recording of phone calls involving cellular telephones (Cal. Penal Code § 632.7); and

(3) unfair competition (Cal. Bus. & Prof's Code § 17200).

(Compl. at 6-8.) Plaintiff brings these claims on behalf of herself and on behalf of two classes of alleged victims of Defendants' unlawful recording practices. (*Id.* ¶ 11.)

## II. LEGAL STANDARD — MOTION TO DISMISS

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly

judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## III.   DISCUSSION — MOTION TO DISMISS

### A.  Unlawful Recording (Claims 1 and 2)

The California Invasion of Privacy Act ("CIPA") prohibits " intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrop[ing] upon or record[ing] the confidential communication." Cal. Penal Code § 632(a).  The CIPA also prohibits, "without the consent of all parties to a communication, . . . intentionally record[ing], or assist[ing] in the . . . intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." *Id.* § 632.7(a).  Any person injured by a violation of either provision may bring a civil action against the person who committed the violation. *Id.* § 637.2(a).

Defendants argue that Plaintiff's CIPA claims must be dismissed because Plaintiff is a Missouri resident, and thus Missouri law, not California law, applies to Plaintiff's claims.  (Defs' MTD Mem. at 5-10, Doc. 19-1.)  The parties agree that Plaintiff was located in Missouri at the time of the calls at issue, but that her husband and Defendants were located in California.  (*See id.* at 1; MTD Opp'n at 1.)

### 1. Choice of Law

"A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012) (quotation marks omitted). "Under California's choice of law rules, California will apply its own rule of decision unless a party invokes the law of a foreign state that 'will further the interest of the foreign state and therefore that it is an appropriate one for the forum to apply to the case before it.'" *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009) (quoting *Hurtado v. Superior Court*, 11 Cal. 3d 574, 581 (1974)). California courts apply a governmental interests analysis to determine whether California law or non-forum law should apply:

> First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different. Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists. Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state and then ultimately applies the law of the state whose interest would be more impaired if its law were not applied.

*McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87-88 (2010) (quotation marks and citations omitted).

### 2. Conflict of Laws

The Court must first determine whether there is a "material" difference between California and Missouri law. *Mazza*, 666 F.3d at 590 (citing *Washington Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 919 (2001)). Differences are material if they "make a difference in this litigation." *Id*. As noted above, § 632 and § 632.7 of the CIPA prohibit recording certain communications without the consent of "all parties." Cal. Penal Code §§ 632(a), 632.7(a). Missouri's Wiretap Act ("MWA") prohibits "intercept[ing]" wire communications, but also provides that "[i]t is not unlawful . . . [f]or a person not acting under color of law to intercept a wire communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception." Mo. Ann. Stat. § 542.402.1(1), 2(3). *See also id.* § 542.418.2 (providing a civil remedy for violations of the MWA). Recording a telephone conversation qualifies as "intercepting" a wire communication under the statute. *See Carothers v. Carothers*, 977 S.W.2d 287, 290-91 (Mo. Ct. App. 1998). Whether all parties, or only one, must have consented to the recordings at issue here makes a difference in this action. There is therefore a material difference between California and Missouri law.

### 3. True Conflict

Missouri's interest in the application of its laws to this case is twofold. The MWA "reflects legislative concern for the protection of privacy interests against excessive dissemination of information obtained by wiretap." *Phillips v. Am. Motorist Ins. Co*., 996 S.W.2d 584, 588 (Mo. Ct. App. 1999). Missouri accordingly has an interest in assuring that its residents, such as Plaintiff, receive the privacy protections offered by the MWA. Missouri, however, has specifically determined that only the consent of one party to a communication is required before "a person not acting under color of law" may intercept


the communication. Mo. Ann. Stat. § 542.402.2(3). Missouri's decision to limit the reach of its wiretapping statute is also a valid interest. In *Mazza*, the Ninth Circuit considered the relative interests of states in the application of their consumer protection laws, and noted that "[m]aximizing consumer and business welfare, and achieving the correct balance for society, does not inexorably favor greater consumer protection." 666 F.3d at 592. The same is true for privacy laws, where any increase in the protections a state affords its citizens is accompanied by a corresponding increase in exposure to liability for businesses. Moreover, "[a] state ordinarily has an interest in having [a] policy of limited liability applied to out-of-state companies that conduct business in the state." *McCann*, 48 Cal. 4th at 91. *See also Mazza*, 666 F.3d at 592 (a state has a "valid interest in shielding out-of-state businesses from what the state may consider to be excessive litigation"). Missouri therefore has a valid interest in protecting out-of-state businesses from excessive exposure to liability for actions directed at its residents.

Plaintiff contends that California has an interest in the application of its laws to California businesses. (MTD Opp'n at 1-4.) Even assuming that California has such an interest here, however, the Court concludes, for the reasons below, that this interest would not be significantly impaired if Missouri law were applied to this action.

### 4. Comparative Impairment

In enacting the CIPA, the California legislature specifically stated that its intent was to "protect the right of privacy of the people *of this state*." Cal. Penal Code § 630 (emphasis added). *See also Kearney v. Salomon Smith Barney, Inc*., 39 Cal. 4th 95, 124-26 (2006) ("[T]he objective of protecting individuals *in California* from the secret recording of confidential communications by or at the behest of another party to the communication was one of the principal purposes underlying the 1967 invasion-of-privacy enactment." (emphasis added)). This statement of intent "lie[s] at the heart of virtually all the decisions construing the [CIPA]." *Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985).

Because Plaintiff is not a California resident, California's interest in applying the CIPA will not be significantly impaired if Missouri law is applied in this action.

This conclusion finds support in the decision of the New York Appellate Division in *Locke v. Aston*, 31 A.D.3d 33 (N.Y. App. Div. 2006). There, the court considered whether California or New York law applied to the taping of a telephone conversation by a California resident calling a New York resident from California. *Id.* at 34. The court applied New York's choice of law analysis, which like California's, weighs the interests of the competing jurisdictions. *Id.* at 37. The court concluded that New York law would apply because the CIPA disavowed any interest in protecting non-California residents in its preamble. *Id.* at 38.

Plaintiff argues that, regardless of a plaintiff's residency, California's interest will be impaired if the CIPA is not applied to California businesses. (MTD Opp'n at 1-4.) In support, Plaintiff relies on *Estrella v. Freedom Financial Network, LLC*, No. C 09-03156 SI, 2010 WL 2231790 (N.D. Cal. June 2, 2010). (Opp'n at 2-3.) There, the court observed that

> 'California has a clear and substantial interest in preventing fraudulent practices in this state and a legitimate and compelling interest in preserving a business climate free of fraud and deceptive practices, and for that reason has a legitimate interest in extending state-created remedies to out-of-state parties harmed by wrongful conduct occurring in California.'

*Estrella*, 2010 WL 2231790, at *6 (quoting *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 224 (1999)).

*Estrella*, however, concerned the application of California's Unfair Competition Law ("UCL"). *Id.* Unlike the CIPA, the UCL is not intended to protect California residents specifically, but to protect "*the Public* . . . from fraud and deceit." *Barquis v. Merchants Collection Assn.*, 7 Cal. 3d 94, 110 (1972) (emphasis added) (quotation marks omitted). The UCL, moreover, "has as a major purpose 'the preservation of fair business competition.'" *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163,

8

180 (1999) (quoting *Barquis*, 7 Cal. 3d. at 110). California thus has in interest in applying the UCL to the activities of California businesses, regardless of whether injuries resulting from those activities are experienced by a California resident. The CIPA involves no comparable interest. Accordingly, California's interest in applying its laws to business activities in California would not be significantly impaired if Missouri law were applied in this action. On the other hand, Missouri's interest in having its policy of limited liability applied to out-of-state companies that interact with its residents in Missouri would be impaired if California law were applied in this action. The Court therefore finds that Missouri law applies to Plaintiff's wiretapping claims.

Accordingly, Plaintiff's claims for violation of § 632 and § 632.7 of the CIPA are dismissed with prejudice.

### B.  Unfair Competition (Claim 3)

Defendants move to dismiss Plaintiff's claim for violation of § 17200 of the UCL for lack of standing. (Defs' MTD Mem. at 23-25.) In her Opposition to the Motion to Dismiss, Plaintiff agrees to voluntarily dismiss this claim. (MTD Opp'n at 14.) Accordingly, Plaintiff's claim for violation of the UCL is dismissed without prejudice.

### IV.  MOTION TO STRIKE

Defendants move to strike Plaintiff's class allegations. (Defs' MTS Mem. at 1, Doc. 20-1.) Because all of Plaintiff's individual claims have been dismissed, the Court will not consider Defendants' Motion to Strike at this time.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. Plaintiff's claims for violation of § 632 and § 632.7 of the CIPA are dismissed with prejudice. Plaintiff's Complaint is dismissed without prejudice. Defendants' Motion to Strike is DENIED without prejudice.

Plaintiff shall have **21 days** from the date of this order to file an amended pleading.

DATED: January 22, 2014

          JOSEPHINE L. STATON
          JOSEPHINE L. STATON
         UNITED STATES DISTRICT JUDGE